**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Dennis I. Wilenchik, Esq. #005350
Caitlin B. Fitz-Maurice, Esq. #039867
admin@wb-law.com
*Attorneys for Plaintiffs*
*Additional counsel listed in signature block*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Turning Point USA, Inc.; and Turning Point Action, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Kris Mayes, in her official capacity as the Arizona Attorney General; The State of Arizona; and GOOGLE LLC, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

Plaintiffs Turning Point USA, Inc. and Turning Point Action (collectively, "the Turning Point Plaintiffs" for the purposes of this Complaint) bring this action for declaratory and injunctive relief against Kris Mayes, in her capacity as the Arizona Attorney General, and the State of Arizona (collectively "the State Defendants"), and Google LLC. The suit concerns an Arizona

search warrant served upon Google LLC in California, directing the seizure of the Turning Point Plaintiffs' property and presently pending execution.

Execution of the warrant would violate the Turning Point Plaintiffs' constitutional rights, as well as applicable California, Arizona, and federal law. Execution of the warrant should accordingly be enjoined until and unless these deficiencies are corrected.

## INTRODUCTION

1. This Complaint concerns a search warrant issued in connection with the post-indictment investigation of a politically fraught case brought by Defendant Mayes. Mayes is an Arizona state public official and politician whose antipathy towards the actions of President Trump and his administration to return the country to fiscal responsibility and limited government is well documented. For example, she has recently extolled—through official state channels—her office's suits brought to, in her words, fight President Trump's "ongoing coup" of the executive branch that he has been lawfully elected and inaugurated to lead.[1]

2. The case to which the search warrant relates is against prominent Arizona and national Republican Party officials, and concerns the submission of a slate of "Republican electors" in connection with the 2020 presidential election.

3. The search warrant specifically relates to one of the defendants in that case—Tyler Bowyer. Mr. Bowyer served as one of the "Republican electors." He did so in connection with his role with the Arizona Republican Party. At all times relevant to this case, however, Mr. Bowyer also served as a high-level corporate officer of Plaintiffs Turning Point USA and Turning Point Action, two separate but related organizations.

4. The search warrant seeks the seizure of Turning Point's emails and data. Turning Point is not alleged to have been—and was not—involved in any effort to transmit or certify the "Republican elector" slate.

---

[1] *See* https://youtu.be/jrE0DOEcbRE?si=wdpZJUQ5DdW-jvcd (last accessed Feb. 20, 2025).

2

5. In fact, Turning Point USA Inc., is an entirely non-political organization operated exclusively for educational and charitable purposes in accordance with Section 501(c)(3) of the Internal Revenue Code, to empower informed civic and cultural engagement grounded in American exceptionalism and a positive spirit of action. Turning Point USA guides citizens through the development of knowledge, skills, values, and motivation so they can meaningfully engage in their communities to restore traditional American values like patriotism, liberty, family, and fiscal responsibility. Defendant Mayes as Attorney General knows or should have known that Turning Point USA, as an Arizona based non-profit, is organized and operates in such a manner that would not involve political activities of any kind.

6. Turning Point Action is a 501(c)(4) community social welfare organization with a mission to embolden the conservative base through grassroots activism and provide voters with the necessary resources to elect true conservative leaders. As allowable under the relevant provisions of the United States Internal Revenue Code, a limited portion of Turning Point Action's activity is devoted to conservative political campaign activity expenditures. That said, Turning Point Action has never been involved in any efforts to transmit or certify the "Republican elector" slate.

7. A copy of the search warrant is attached to this Complaint as **Exhibit 1**. It broadly seeks the contents of emails and other information from two email accounts, one owned by Turning Point USA and the other by Turning Point Action, which were used by Mr. Bowyer solely as an officer of these organizations. Importantly, these email accounts were used by Mr. Bowyer to engage in confidential and privileged communications with Turning Point's lawyers and communications with and about Turning Point's donors (some of whom are not subject to public disclosure requirements). The email accounts contain this confidential and privileged information, as well as information about the Turning Point Plaintiffs' finances, Turning Point USA's educational and charitable operations, and Turning Point Action's social welfare advocacy and political strategy.

3

8. An indictment has been returned against Mr. Bowyer. Turning Point recognizes that the justice of that indictment is the question for another day and another forum. However, the Turning Point Plaintiffs have their own interests in vindicating their Fourth Amendment and statutory rights to be secure in their papers and effects—that is, the electronic communications and other data covered by the warrant—from an attorney general's office that is overtly hostile to the Turning Point Parties' constitutionally protected missions and speech.

9. Applicable law provides Turning Point with protections designed to prevent the overreach and abuse that the search warrant threatens. Turning Point avails itself of those protections through this Complaint.

**PARTIES**

10. Plaintiff Turning Point USA, Inc. is an Indiana 501(c)(3) corporation with its principal place of operations in Maricopa County, Arizona.

11. Plaintiff Turning Point Action, Inc. is an Indiana 501(c)(4) corporation with its principal place of operations in Maricopa County, Arizona.

12. Defendant Kris Mayes is the Arizona Attorney General and is sued in that official capacity.

13. Defendant State of Arizona is the legal entity bringing the prosecution to which the search warrant at issue in this case relates. It is seeking to obtain, review, and use the property and information that the search warrant covers.

14. Defendant Google LLC is a California Limited Liability Company and is the entity in possession of the property subject to the search warrant at issue in this case. The search warrant at issue in this case directs Google LLC to produce the requested documents.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331, and 1343.

4

16. This Court has further subject matter jurisdiction over this case under 28 U.S.C. § 1367 because any state-law claims asserted are part of the same case and controversy as the claims over which this Court has original jurisdiction.

17. This Court has personal jurisdiction over Defendants Mayes and Arizona because they are domiciled in this district and subject to general personal jurisdiction here.

18. This Court has specific personal jurisdiction over Defendant Google LLC because the search warrant calls for production of property in this district.

19. Venue is appropriate in this district under 28 U.S.C. § 1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## GENERAL ALLEGATIONS

20. On or about November 6, 2024, the State of Arizona and the State Defendants obtained the search warrant attached to this Complaint as **Exhibit 1**.

21. The search warrant seeks the contents of emails and other data related to four accounts: tyler@tpaction.com, tyler@tylerbowyer.org, tyler@tpusa.com, and another account that has been redacted form the warrant. The account tyler@tpaction.com is owned by Plaintiff Turning Point Action and tyler@tpusa.com is owned by Plaintiff Turning Point USA, and the content and data associated with those accounts belong to the respective Plaintiffs.

22. Specifically, the search warrant seeks:

> All data stored on the listed Google account. This consisted [sic] of at least the following: (1) call detail records and call data; (2) instant messages, text/sms/mms/chat messages; (3) contact list; (4) Gmails/Emails; (5) geolocation information; (6) Google Maps; (7) Google Drive; (8) Google Chat; (9) Photos; (10) Calendars; (11) Message Content; and (12) Meet Chat.

[**Exhibit 1** ¶ 2.]

23. The search warrant states that "[t]he information is being requested for the following period between November 01, 2020 and February 1, 2021." [*Id.* at ¶ 3.]

5

24. The search warrant states that these identified things "were used as a means for committing a public offense" and "constitutes [sic] evidence tending to show that a public offense has been committed." [*Id.* at 2.] It lists the alleged public offenses being investigated.

25. Although the search warrant was sought and issued by an Arizona state authority and directs action by "any peace officer in the State of Arizona," it has been served upon Google LLC, a private company in the State of California.

26. No probable cause in fact exists to believe that the information covered by the warrant was used as a means for committing any public offense or constitutes evidence tending to show that a public offense has been committed.

27. Instead, the information concerns the operations, legal analysis, and financials of Turning Point USA and Turning Point Action, non-profit organizations committed to missions of conservative values to which Defendant Mayes stands opposed. Some of the covered information constitutes privileged attorney-client communication not lawfully subject to search.

28. In contravention of California Penal Code § 1546.1(d), The search warrant contains no requirement that any information obtained through the execution of the warrant that is unrelated to the objective of the warrant be omitted from disclosure, or alternatively sealed and not be subject to further review, use, or disclosure except pursuant to appropriate court order. The search warrant also contains no procedure for otherwise safeguarding or excepting privileged attorney-client communications.

29. In contravention of Arizona Revised Statute § 13-3918, the State Defendants seek enforcement of the warrant even though it is facially expired. More than five calendar days have elapsed from the search warrant's issuance. The time for execution has not been extended, and in any event may not lawfully be extended for more than five additional calendar days beyond the initial time for execution.

## COUNT I
**(Stored Communications Act, 18 U.S.C. § 2701, et seq.)**

30. Plaintiffs incorporate Paragraphs 1 through 29 of this Complaint as if set forth fully herein.

31. Defendant Google LLC is an entity providing electronic communication and remote computing service to the public within the meaning of the Federal Stored Communications Act, 18 U.S.C. § 2701, *et seq.* Plaintiffs are its customers.

32. Pursuant to the Stored Communications Act, Google LLC may not disclose a customer's electronic communications and other data without a valid warrant or other legal process.

33. The warrant at issue in this case is not valid. Among other reasons, pursuant to California Penal Code § 1524.2(c)(1) warrants served on a California corporation concerning electronic communications and remote computing services will be treated and evaluated as if the warrant had been issued by a California court.

34. California law mandates that warrants seeking access to electronic communication information to "require that any information obtained through the execution of the warrant that is unrelated to the objective of the warrant shall be sealed and shall not be subject to further review, use, or disclosure except pursuant to a court order," Cal. Pen. Code § 1546.1(d). The warrant at issue in this case contains no such requirement.

35. Further, Pursuant to A.R.S. § 13-3918, the warrant has expired, is void, and the allowable time for a lawful extension of the warrant has passed.

36. Accordingly, disclosure of the Turning Point Plaintiffs' electronic communications and other data is barred by the federal Stored Communications Act.

**COUNT II**
**(Equitable Limitation upon Execution of Search**
**Warrant Under Federal Law)**

37. Plaintiffs incorporate Paragraphs 1 through 29 of this Complaint as if set forth fully herein.

7

38. The Arizona Defendants have engaged in a callous disregard of Plaintiffs' constitutional rights by obtaining and seeking execution of a search warrant to seize information not lawfully subject to search. This includes sensitive works, communications and papers, where no probable cause exists to believe that they are means or evidence of a public offense. It also includes property that is subject to an independent protection, such as the attorney-client privilege. The search warrant calls for an unreasonable search in violation of the Fourth Amendment.

39. Plaintiffs have an individual interest in the documents and property subject to the search warrant because Plaintiffs are the owners of those documents and that property.

40. Plaintiffs will suffer irreparable injury if the relief they seek is not granted. Specifically, the contents of their attorney-client privileged communications and other sensitive information will be disclosed to the Arizona Attorney General's Office. No subsequent return of the documents subject to the warrant will eliminate that harm.

41. Plaintiffs have no adequate remedy at law. Plaintiffs note that this claim is brought in the alternative, in the event its remaining claims brought in this Complaint fail.

## COUNT III
### (Arizona Revised Statutes § 13-3922)

42. Plaintiffs incorporate Paragraphs 1 through 29 of this Complaint into this Count as if set forth fully herein.

43. Probable cause does not exist for believing the items identified in the search warrant are subject to seizure.

44. In the event documents have already been seized pursuant to the warrant, upon belief, those items seized are not the same as those described in the warrant. Specifically, the warrant describes documents and data that are evidence of public offenses.

45. Arizona Revised Statutes § 13-3922 therefore entitles Plaintiffs to the return of any such documents seized pursuant to the warrant.

8

## COUNT IV
### (Declaratory Judgment Act, 28 U.S.C. § 2201)

46. Plaintiffs incorporate Paragraphs 1 through 29 of this Complaint into this Count as if set forth fully herein.

47. The search warrant attached as **Exhibit 1** to this Complaint requires an unreasonable search in violation of the Fourth Amendment, fails to comply with applicable law, and is therefore void.

48. It is served upon a California corporation concerning electronic communications, but does not contain the limitations required by Cal. Pen. Code §§ 1524.2(c) and 15.46.1(d).

49. Further, Pursuant to A.R.S. § 13-3918, the warrant has expired, is void and the allowable time for a lawful extension of the warrant has passed.

50. The warrant covers property and information not lawfully subject to seizure. There exists no probable cause to suspect the property and information covered is the means or evidence of a public offense. And the search warrant covers property and information that constitutes attorney-client privileged communications and that is otherwise subject to lawful privilege.

51. Although the search warrant has been issued by an Arizona authority and is directed to Arizona peace officers within the state, it has been served upon a California company in California. It is therefore without legal effect.

52. Compliance with the search warrant would therefore be unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. Judgment in favor of Plaintiffs and against Defendants on all claims stated herein.

B. Declaratory judgment that execution of and compliance with the search warrant attached to this Complaint as **Exhibit 1** would be unlawful.

C. Injunctive relief prohibiting execution of and compliance with the search warrant.

9

D. Alternatively, injunctive relief requiring the Parties to establish a process for review of the electronic communications and documents subject to the search warrant to determine (1) whether probable cause exists to believe that these communications and documents are the means of or evidence of a public offense and (2) are covered by attorney-client privilege, to foreclose disclosure of such information to the Arizona Defendants.

E. Such other relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 21st day of February, 2025.

**WILENCHIK & BARTNESS, P.C.**

*/s/ Dennis I. Wilenchik*
Dennis I. Wilenchik, Esq.
Caitlin B. Fitz-Maurice, Esq.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Plaintiffs*

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

*/s/ Derick R. Vollrath*
**Jeffrey Neiman***
Florida Bar No. 544469
dvollrath@mnrlawfirm.com
**Derick Vollrath***
Florida Bar No. 126740
dvollrath@mnrlawfirm.com
100 Southeast Third Avenue, Ste. 805
Fort Lauderdale, Florida 33394
Telephone: (954) 462-1200
Facsimile: (954) 688-2492

*Attorneys for Plaintiffs*
*\*Pro Hac Vice Forthcoming*